# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GILCO CONSTRUCTION COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-37-JWD-SDJ** |
| **FALCON HOLDINGS MANAGEMENT, LLC, et al.** | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 20, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GILCO CONSTRUCTION COMPANY | CIVIL ACTION |
| VERSUS | NO. 20-37-JWD-SDJ |
| FALCON HOLDINGS MANAGEMENT, LLC, et al. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Notice of Removal filed by Defendant Aarene Contracting, LLC ("Aarene") (R. Doc. 1). Plaintiff Gilco Construction Company, LLC ("Gilco"), has not filed a motion to remand. However, for the reasons set forth below, the undersigned *sua sponte* **recommends** that this matter be **remanded** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

**I.    Background**

On or about December 6, 2019, Gilco filed suit against Defendants Isle of Louisiane Car Wash, LLC ("Isle"), Falcon Holdings Management LLC ("Falcon"), Aarene, and American Contractors Indemnity Company ("ACIC") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. As alleged by Gilco in its Complaint, Falcon is a management company that "is responsible for managing property used by Piccadilly Holdings, LLC to operate Piccadilly restaurants in Southeast Louisiana."[1] Isle owned certain immovable property in Baton Rouge, Louisiana, that it leased to Falcon to be used as a Piccadilly To-Go.[2] Per

---

[1] R. Doc. 1-4 at 4 ¶ 8.
[2] *Id*. at 5 ¶ 10.

Gilco, Falcon and Aarene "worked together to coordinate the construction" of the Piccadilly To-Go franchise.[3]

In August 2018, Aarene hired Gilco as the plumbing subcontractor on the project.[4] Gilco was later approached by Aarene about subcontracting to perform additional work on the project, including installing a kitchen vent hood, installing an HVAC system, and serving as the electrical subcontractor.[5] At that time, Gilco informed Aarene of certain staffing limitations it had and its inability to comply with the project's deadlines if it took on this additional work.[6] Gilco also explained it "would need to receive weekly payments to fund all work moving forward, in order to ensure that sufficient staffing would remain for the entirety of Gilco's work on the Project."[7] Gilco and Aarene eventually reached an agreement concerning Gilco's performing these additional tasks on the project, and while Gilco executed contracts for this additional work, it never received signed copies of the contracts from Aarene.[8]

At some point after Gilco began its work on the project, Aarene missed two "weekly installment payments related to Gilco subcontracts" and Gilco, after using "almost the entirety of its operating account," reduced its staffing "to ensure its workers were paid and its work continued without interruption."[9] By the end of October 2018, Gilco had completed the majority of work pursuant to its plumbing subcontract. Gilco finished the majority of work under its electrical subcontract by early November 2018.[10] Several disagreements between Gilco and Aarene arose during this period, including disputes about release of the electrical meter by Gilco, the hiring of

---

[3] *Id.* ¶ 11.
[4] *Id.* ¶¶ 13-14.
[5] *Id*. at 5-6 ¶¶ 17-23.
[6] *Id.* at 6 ¶ 24.
[7] *Id.* at 7 ¶ 24.
[8] *Id.* at 7-8 ¶¶ 25-34.
[9] *Id.* at 9 ¶¶ 40-41.
[10] *Id.*at 10 ¶¶ 43-44.

a new HVAC subcontractor by Aarene, and Gilco's rental of a forklift for Aarene for which Aarene allegedly never paid, culminating in Gilco's terminating all of its subcontracts with Aarene on November 6, 2018.[11] According to Gilco, after Aarene refused to pay Gilco for the work it did on the project, Gilco "filed a Statement of Claim and Privilege to secure these amounts in the Mortgage Records" for East Baton Rouge Parish.[12] This lien was recorded on December 6, 2018.[13]

As stated above, on or about December 6, 2019, Gilco filed suit against Defendants in state court asserting, *inter alia*, claims arising under the Louisiana Private Works Act.[14] On January 16, 2020, Aarene removed the case to this Court, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[15] Subsequently, in a joint Status Report filed in anticipation of an upcoming scheduling conference, Gilco questions whether the Court has jurisdiction pursuant to § 1332, arguing that "there is a lack of complete diversity among the properly joined parties."[16] Aarene's position in the Status Report, however, is that jurisdiction is proper based on the fraudulent joinder of non-diverse Defendant Isle.[17] Based on this disagreement and questioning of jurisdiction, the Court converted the scheduling conference to a status conference, which was then held on April 23, 2020.[18] At the status conference, the Court set a briefing schedule on the issue of jurisdiction.[19]

Shortly thereafter, on June 5, 2020, Plaintiff's counsel filed an unopposed motion to withdraw as attorney of record for Gilco, alleging that their employment had been terminated by

---

[11] *Id.* 10-12 ¶¶ 47-55.
[12] *Id.* at 12 ¶ 56.
[13] *Id.* As alleged by Defendants, Aarene subsequently "filed a Release of Lien Bond issued by ACIC that was inscribed in the Mortgage and Conveyance Records. R. Doc. 14 at 2. Per Defendants, the Clerk and Recorder of Mortgages for the Parish of East Baton Rouge then "issued a Cancellation of Encumbrance, thereby cancelling any potential lien interest of Gilco against the immovable property." *Id.*
[14] R. Doc. 1-4 at 12-13 ¶¶ 57-62.
[15] R. Doc. 1 at 2 ¶ 4.
[16] R. Doc. 8 at 1.
[17] *Id.*
[18] R. Doc. 9.
[19] R. Doc. 10.

Gilco.[20]  The Court, however, denied counsel's request, as Gilco had not, at the time, hired new counsel to represent it, and the Local Civil Rules of this Court mandate that "any party who does not appear in proper person must be represented by a member of the bar of this Court."[21]  The Parties then timely submitted their additional briefing regarding jurisdiction.[22]  The Court scheduled a second status conference to discuss the status of Plaintiff's representation, which was held on August 25, 2020 and at which Plaintiff's new counsel was introduced.[23]  No motion to remand has been filed.

**II.      Law and Analysis**

A party may remove an action from state court to federal court if the action is one over which the federal court has subject matter jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).  A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v.*

---

[20] R. Doc. 11 at 1 ¶ 2.
[21] R. Doc. 12 at 1 (citing L.R. 83(b)(7)).
[22] R. Docs. 13 and 14.  In their motion to withdraw as counsel, Plaintiff's counsel, the Smiley Law Firm, also requested an extension of time for the Parties to submit their additional briefing regarding jurisdiction, which this Court granted. R. Doc. 12 at 2.  The Court also notes that as Gilco had not hired new counsel to represent it at the time, the Smiley Law Firm, although its employment had already been terminated by Plaintiff, prepared and submitted a brief on behalf of Gilco. R. Doc. 13 at 1 n.1.  As explained by counsel in their brief: "Due to the termination, the Smiley Law Firm maintains that it is generally prohibited from continuing to represent Gilco. L.R.P.C. 1.16(a)(3). However, this Court denied the Motion to Withdraw, so Smiley Law Firm is still counsel of record on behalf of Gilco. Accordingly, Smiley Law Firm is filing this Memorandum out of an abundance of caution to preserve Gilco's rights. The Smiley Law Firm is performing this work on behalf of Gilco solely because it has been ordered to do so by this Court. L.R.P.C. 1.16(c)." *Id.*
[23] R. Docs. 15 and 17.

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (*quoting In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)) ("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Manguno*, 276 F.3d at 723. Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The Court has a duty to raise the issue of jurisdiction *sua sponte.*" *Richard v. USAA Cas. Ins. Co.,* No. 17-175, 2017 WL 8944429, at *1 (M.D. La. Nov. 30, 2017) (citing *Gonzales v. Thaler*, 565 U.S. 134, 141 (2012)).

   A. **Citizenship of the Parties**

As stated above, federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The citizenship of the Parties here does not appear to be contested. For the purposes of diversity jurisdiction, the citizenship of a limited liability company ("LLC") is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Plaintiff Gilco is an LLC whose sole member is a citizen of Louisiana; Gilco,

therefore, is a Louisiana citizen.[24]  Defendant Aarene, an LLC whose sole member is a citizen of Georgia, is a citizen of Georgia, and Defendant Falcon, an LLC whose sole member is a citizen of Texas, is a Texas citizen.[25]  Also, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Defendant ACIC, as a corporation incorporated under the laws of California with its principal place of business in California, is a California citizen.[26]

While the citizenship of Isle, an LLC, is not set out in detail in Aarene's Notice of Removal, the Parties agree that it is a Louisiana citizen and, therefore, a non-diverse party.[27]  However, Defendants argue that Isle is an improperly joined party, such that its citizenship should not be considered in determining jurisdiction.[28]

### B. Whether Isle is an Improperly Joined Party

When a nondiverse party is properly joined as a defendant, the case may not be removed under 28 U.S.C. § 1332. *Schaefer v. Kodiak Mfg. Inc.*, No. 11-619, 2011 WL 1656081, at *2 (E.D. La. May 2, 2011).  However, a defendant may remove by showing that the nondiverse party was improperly joined.[29]  *Id.* (citing *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003)); *see also Turbine Generation Servs. LLC v. Gen. Elec. Co.*, No. 19-1257, 2020 WL 2758971, at *3 (W.D. La. Mar. 27, 2020) ("The improper joinder doctrine is a narrow exception to the complete diversity rule.").  The burden of proving improper joinder to prevent diversity is a

---

[24] R. Doc. 1 at 2 ¶ 5.
[25] *Id.* at 3 ¶ 6.
[26] R. Doc. 1 at 3 ¶ 7.
[27] *See, e.g.,* R. Doc. 13 at 1; R. Doc. 1 at 3 ¶ 8.
[28] R. Doc. 1 at 3 ¶ 8.
[29] "While the Fifth Circuit uses the term 'fraudulent joinder' and 'improper joinder' interchangeably, the preferred term is 'improper joinder.'" *Ayres v. Sears*, 571 F.Supp.2d 768, 772 n.3 (W.D. Tex. 2008).  In their pleadings, the parties primarily use the term "fraudulent joinder."  However, because "improper joinder" is the preferred term, the Court will use it here, as possible.

heavy one that rests on the removing party. *Skidmore v. Beech Aircraft Corp.*, 672 F.Supp. 923, 925 (M.D. La. 1987) (citations omitted). Improper joinder is established by demonstrating either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against a nondiverse party in state court. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

As argued by Defendants, Isle is an improperly joined party because Gilco cannot state a valid claim against it.[30] In its Complaint, Gilco brings causes of action against Isle under the Louisiana Private Works Act ("LPWA") and, in the alternative, for unjust enrichment.[31] Defendants claim that although Isle owns the immovable property upon which the project was built, Isle is not the "owner" under the LPWA because it did not contract out any of the work.[32] Per Defendants, "Louisiana courts have consistently refused to impose personal or *in rem* liability on a non-contracting owner such as [Isle]."[33] Thus, per Defendants, Gilco's claim against Isle under the LPWA is not viable.[34] Defendants further argue that Gilco concedes that it cannot state a viable claim against Isle under the LWPA.[35] In addition, because Gilco has other remedies available against Aarene, Falcon, and/or ACIC, its claim for unjust enrichment also must fail

---

[30] R. Doc. 14 at 1.
[31] R. Doc. 1-4 at 12 ¶¶ 57-62, 19 ¶¶ 98-101. "The Private Works Act was enacted to facilitate construction of improvements on immovable property, and it does so by granting to subcontractors, among others, the right to recover payment for the work they perform from the owner or contractor with whom they lack privity of contract." *Landco Constr. LLC v. Precision Constr.& Maint., LLC*, 2017-1060 (La. App. 1 Cir. 2/21/18) (unpublished). "More specifically, La. R.S. 9:4802 regulates the rights of persons who supply services or materials to a contractor of an owner and who thus have no direct contractual relationship with the owner." *Id.* (citation omitted). To that end, the LWPA "states that subcontractors 'have a claim against the owner and a claim against the contractor to secure payment [for the price of their work] arising out of the performance of work under the contract …'" *Cajun Constructors, Inc. v. EcoProduct Solutions, LP*, No. 06-902, 2007 WL 9702618, at *3 (M.D. La. June 20, 2007) (quoting La. R.S. 9:4802(A)(1)). The LWPA "defines claims against an 'owner' as 'limited to the owner or owners who have contracted with the contractor or to the owner or owners who have agreed in writing to the price and work of the contract of a lessee …" *Id.* (quoting La. R.S. 9:4806(B)) (emphasis removed).
[32] R. Doc. 14 at 1.
[33] *Id.*
[34] *Id.* at 4.
[35] *Id.* at 1.

because unjust enrichment is a subsidiary remedy, available only when there is no other remedy at law.[36]

Gilco, in response, while not addressing Defendants' arguments that it does not have a valid claim against Isle under the LPWA, argues that Isle "is liable to Gilco for the improvement of its immovable property without remuneration under a theory of unjust enrichment" and that the allegations in its Complaint "are sufficient to establish all necessary elements of an unjust enrichment cause of action against Isle under Louisiana law."[37] Gilco further asserts that "[i]t is well-settled that unjust enrichment claims can be plead in the alternative" and that the law does not compel an election of remedies by a plaintiff prior to filing a complaint.[38] Because unjust enrichment appears to be Gilco's primary, if not only, claim against Isle, given Gilco's failure to discuss its LPWA against Isle in its briefing regarding jurisdiction, the Court now turns to whether Gilco's unjust enrichment claim against Isle is a viable claim.

Unjust enrichment is a state law claim, codified in Louisiana Civil Code art. 2298 and providing that "[a] person who has been enriched without cause at the expense of another person is bound to compensate that person…. The remedy declared here is *subsidiary* and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule." *JP Mack Indus., LLC v. Mosaic Fertilizer, LLC*, 970 F.Supp.2d 516, 520 (E.D. La. 2013) (quoting La. C.C. art. 2298). "A plaintiff need not ultimately prevail on another claim for a court to find that it was available." *U.S. ex rel. Sun Coast Contracting Servs., LLC v. DQSI, LLC*, No. 13-297, 2014 WL 7246936, at *4 (M.D. La. Dec. 17, 2014). "The existence of a 'remedy' which precludes application of unjust enrichment does not connote the ability to recoup your impoverishment ….

---

[36] *Id.* at 5, 6-7.
[37] R. Doc. 13 at 1, 4.
[38] *Id.* at 4-5.

It merely connotes the ability to bring the action or seek the remedy." *Id.* (quoting *Carriere v. Bank of La.*, 702 So.2d 648, 672 (La. 1996).

Several decisions by this Court as well as others in this Circuit provide guidance as to the viability of Gilco's unjust enrichment claim. In *U.S. ex rel. Sun Coast Contracting Services, LLC v. DQSI, LLC*, *supra*, upon a motion for reconsideration, this Court reconsidered, *inter alia*, its prior dismissal of the plaintiff's unjust enrichment claim. 2014 WL 7246936, at *4. The Court previously had dismissed the plaintiff's unjust enrichment claim upon finding the plaintiff had another remedy at law available in this action. *Id.* In rejecting the defendants' argument that an unjust enrichment claim cannot be pleaded with a Miller Act claim, the underlying claim in this case, this Court stated:

> To the extent that [d]efendant is positing that an unjust enrichment claim may never be pleaded alongside another claim, the Court disagrees. This Court has rejected the "blanket proposition that no plaintiff may ever plead an unjust enrichment claim alongside a claim which would grant a remedy at law." This Court has held that the law does not compel "an election of remedies between a contractual theory and an unjust enrichment theory prior to filing a complaint."

*Id.* at *5 (internal citations omitted). In *Sun Coast*, the Court found that because the validity of the contract between the plaintiff and defendants was in question, and because there were no other potential remedies at law, the Court did not find a sufficient basis to dismiss the plaintiff's unjust enrichment claim at summary judgment based on the availability of other remedies at law. *Id.*

Subsequently, in *Schott, Trustee for Estate of InforMD, LLC v. Massengale*, No. 18-759, 2019 WL 4738795 (M.D. La. Sept. 27, 2019), this Court followed the holding in the *Sun Coast* case. In *Schott*, the plaintiff trustee in the underlying bankruptcy action had made multiple claims against the defendants, including a claim for unjust enrichment in the alternative. 2019 WL 4738795, at *15. The defendants argued that because the trustee had pleaded "other claims to recover the allegedly unjust enrichment," the trustee was barred from pleading a claim for unjust

enrichment in the alternative. *Id.* at *16. As stated by this Court in determining whether such alternative pleading is permissible:

> When faced with the issue of whether the "no other remedy available at law" element would bar a plaintiff from pleading an unjust enrichment claim in the alternative, federal courts have refused to dismiss an unjust enrichment claim because Fed. R. Civ. P. 8(d)(3) allows a party to "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

*Id.* The Court then quoted the language from *Sun Coast* set forth above dispelling the argument that an unjust enrichment claim can never be pleaded alongside another claim. *Id.* Agreeing with the holding in *Sun Coast*, this Court declined to dismiss the trustee/plaintiff's claim for unjust enrichment, finding such action premature because: (1) the validity of the other claims in the complaint was still in question, (2) it was not clear from the face of the complaint that the claims alleged were prescribed or perempted, and (3) Rule 8(d)(3) allows a plaintiff to plead claims in the alternative. *Id.* at *17.

Defendants attempt to distinguish both the *Sun Coast* and *Schott* cases by noting that "the validity of the underlying contract was disputed and, if proven, the plaintiffs would have been left without a remedy at law **as to anyone**," whereas "[i]n this case, it is not disputed that there was a contractual relationship and a course of dealings between Gilco and Aarene on a private works construction project."[39] However, in its supplemental briefing, Gilco argues that, "[s]imilar to *U.S. ex rel Sun Coast Contracting*, the validity of the contract(s) between Gilco and Aarene for improvements to the Property are at issue, which requires additional discovery."[40] Gilco continues, "[w]ithout discovery, any determination regarding Gilco's alternative remedies at law is premature."[41] As in *Sun Coast* and *Schott*, it appears that the validity of the construction

---

[39] R. Doc. 14 at 6 (emphasis in original).
[40] R. Doc. 13 at 5.
[41] *Id.*

contracts here at issue are contested, indicating the prematurity of dismissing Isle's unjust enrichment claim at this point in the litigation.

The holding in *Williams v. Chesapeake Operating, Inc.*, No. 10-1906, 2011 WL 13160764 (W.D. La. Sept. 14, 2011) supports this conclusion. In *Williams*, a defendant therein moved to dismiss the plaintiff's unjust enrichment claim, arguing that other legal remedies, including breach of contract, were available to the plaintiff, thereby barring her unjust enrichment claim. 2011 WL 13160764, at *1. As explained by the court:

> The Court agrees that the Plaintiff has pled her unjust enrichment claim in the alternative, as she was permitted to by Federal Rule of Civil Procedure 8(d). This claim will only reach a jury if the Plaintiff's breach of contract and breach of the Louisiana Mineral Code claims are rejected. In other words, for the unjust enrichment claim to reach the jury, it must first be determined that the Plaintiff has no other remedy at law.

*Id.* at *2. The court, therefore, found that dismissing the plaintiff's unjust enrichment claim "would be premature and inappropriate," apparently agreeing with the plaintiff's argument that "as no discovery has been conducted in this matter, and thus, there has been no determination of whether a valid contract exists upon which recovery can be predicated," dismissal at that point was premature. *Id.* at **1, 2.

Similarly, in *University Rehabilitation Hospital, Inc. v. International Cooperative Consultants, Inc.*, No. 05-1827, 2006 WL 2983050 (W.D. La. Oct. 16, 2006), the plaintiffs also argued that dismissal of their unjust enrichment claim, which was pleaded in the alternative, was "premature, as there has been no determination as to what remedies may be available to them." 2006 WL 2983050, at *5. The court, in discussing a ruling by the District of Arizona[42] it found instructive, in which the District of Arizona found that the plaintiff's claims of unjust enrichment,

---

[42] *Isofoton v Giremberk*, No. 04-798, 2006 WL 1516026 (D. Ariz. May 30, 2006).

pleaded in the alternative, were not subject to dismissal even though such claims were coupled with claims for breach of contract, stated:

> Interpreting the language of Rule 8(e)(2) of the Federal Rules of Civil Procedure, the Court held that the phrase "a party may also state as many separate claims or defenses as the party has regardless of consistency," found in the Federal Rule, was "unambiguous" and entitled plaintiffs to assert causes of action for breach of contract and unjust enrichment even though such claims are inconsistent. The Arizona District Court astutely reasoned that plaintiffs who assert such claims are not asking for two separate recoveries, but a single recovery based on one of the two suggested bases….

*Id.* The *University Rehabilitation Hospital* court then agreed with the District of Arizona "that plaintiffs' claim for unjust enrichment is properly plead under the express language of Federal Rule of Civil Procedure 8(e)(2) and should not be dismissed." *Id.* at *6.[43]

The Court recognizes that other Courts in this Circuit disagree with these decisions. *See, e.g., Reel Pipe, LLC v. USA Comserv, Inc.*, No. 18-6646, 2019 WL 127055, at *4 (E.D. La. Jan. 8, 2019) (dismissing counterclaimant's alternative unjust enrichment claim "because other remedies are available at law," including claims for breach of contract and torts); *Andretti Sports Mktg. La., LLC v. NOLA Motorsports Host Comm., Inc.*, No. 15-2167, 2015 WL 13540096, at *8 (E.D. La. Dec. 2, 2015) (granting motion to dismiss unjust enrichment claim because plaintiff also pleaded

---

[43] One other case of note is *Central Facilities Operating Co., L.L.C. v. Cinemark U.S.A., Inc.*, 36 F.Supp.3d 700 (M.D. La. 2014), in which the plaintiff argued, in the alternative, that it was entitled to recover in equity under quantum meruit or unjust enrichment. 36 F.Supp.3d at 707. The defendant therein argued that the plaintiff could not recover on a claim for unjust enrichment in the same case it also brought a claim on an open account. *Id.* at 708. The Court disagreed, finding the plaintiff "has asserted a cognizable claim for unjust enrichment," and allowed the plaintiff to recover for same. *Id.* at 709. This case is notable because the ruling, finding in favor of plaintiff on unjust enrichment, follows a prior ruling by this Court in which a motion to remand was denied because the Court found that the plaintiff's petition did not allege sufficient facts for this Court to predict that it could recover based on unjust enrichment from any of the non-diverse defendants because the plaintiff had pleaded another remedy at law, an open account claim. *Central Facilities Operating Co., L.L.C. v. Cinemark U.S.A., Inc.*, No. 11-660, 2012 WL 1121217, at *5 (M.D. La. Feb. 29, 2012), *report and recommendation adopted*, No. 11-660, 2012 WL 1123363 (M.D. La. Apr. 3, 2012). In describing these cases, this Court, in *Sun Coast*, specifically noted the very limited application of the Magistrate Judge's Report and Recommendation in the *Central Facilities* case, stating: "In the final judgement on the merits of that same case, this Court clarified … the even more limited application of the Magistrate Judge's Report, and this Court ultimately found recovery available under unjust enrichment despite the plaintiff having pleaded another cause of action." 2014 WL 7246936, at *5 n. 3.

a breach of contract claim against defendant and "there has been no assertion made by any party that the contract is a nullity"; thus, plaintiff "has another remedy at law and as such is precluded from seeking recovery against [defendant] on a claim of unjust enrichment"); *Patterson v. Dean Morris, L.L.P.*, No. 08-5014, 2011 WL 1743617, at *7 (E.D. La. May 6, 2011) (finding the availability of an alternative remedy bars plaintiff's claim for unjust enrichment and granting summary judgment for defendant on this issue, noting that plaintiff's failure to prevail on other remedies does not change the fact that such remedies were available to plaintiff).

However, as this case is still in its infancy, the Court finds it premature to determine, at this point, that Plaintiff has no viable claims against Defendant Isle, including for unjust enrichment, such that Isle should be dismissed as a Defendant; because Isle is a non-diverse Defendant, such dismissal would be necessary. Following the precedent set by this Court in the *Sun Coast* and *Schott* cases, the Court here finds that, as Plaintiff may plead a claim for unjust enrichment in the alternative, it has asserted a potentially viable claim against Isle. Further, in light of the conflicting case law in this Circuit, the Court is reminded of the Fifth Circuit's clear instruction that the removal statute is to be strictly construed and that "any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d at 251. As such, in failing to find that there is no possibility of recovery against Isle, the Court does not find that Isle is an improperly joined party; the Court therefore lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332 as there is not complete diversity among the Parties. Consequently, the Court recommends that this case be remanded to state court for further proceedings. *See Cajun Constructors,* 2007 WL 9702618, at **4-5 (this Court rejected claims that defendant Syngenta was an improperly joined party, finding that it could not conclude that there was no reasonable basis to

predict that the plaintiff cannot recover against Syngenta under the LPWA and remanding the case to state court).

### III.     Conclusion and Recommendation

For the reasons set forth above, and because doubts about the propriety of removal are resolved in favor of remand, it is the *sua sponte* recommendation of the Magistrate Judge that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on September 20, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**